Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, Washington 98502
Tel.: (360) 666-6031
E-mail: malibutrade@gmail.com

FILED ___ LODGED ___
___ RECEIVED
JAN 20 2022
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT,

## WESTERN DIVISION OF THE STATE OF WASHINGTON

CV22 5040 JLR

MATHEW KATZ, as an individual,

Plaintiff,

v.

DAVID KATZ, as an individual; and DOES 2 through 5, Inclusive,

Defendants

[Unlimited Jurisdiction]
Case No.: ___

**VERIFIED COMPLAINT for:**

1. DECARATORY JUDGMENT;
2. QUIET TITLE;
3. FRAUD AND DECEIT;
4. BREACH OF ORAL CONTRACT;
5. INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;
6. INFLICTION OF EMOTIONAL DISTRESS; and,
7. ELDER ABUSE

1
Complaint
Case No. ___

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

# COMPLAINT

## I.

## INTRODUCTION

1. This is an action for quiet title and breach of contract against the Defendant, DAVID KATZ ("Defendant") who in 2016 systematically secured title to real property arguably $1 million (One Million Dollars) or more initially transferred to him by his unsuspecting uncle, the Plaintiff MATTHEW KATZ ("Plaintiff") as in security for an earlier $50,000.00 (Fifty Thousand Dollars) loan from said Defendant to him.

2. Plaintiff alleges that the Defendant, by means of fraud and deceit initially fraudulently induced Plaintiff to entering into a contract to make the loan to him secured one involving the exchange by Plaintiff of the deed to his real property located at 5621 Sunrise Beach Rd. NW, Olympia, Washington 98502, County of Thurston (hereinafter the "Subject Property") for extension of repayment of the aforementioned loan by Defendant, the deed to the Subject Property thereby having effectively been pledged by Plaintiff as security for the loan. Plaintiff alleges that Defendant never had any intention of relinquishing or otherwise reconveying the aforementioned deed back to Plaintiff upon repayment or any other contractual workout. Plaintiff also specifically alleges that in late 2021, the Defendant ultimately fraudulently induced Plaintiff into the false belief that the parties had entered into an accord of their secured loan contract whereby Plaintiff either satisfied his loan obligation or would sign an affidavit and / or directive that his estate leave Defendant the amount of the aforementioned loan plus an additional $50,000.00 (Fifty Thousand Dollars) as a condition

2
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

upon which the Defendant would immediately convey title to the Subject Property back to Plaintiff. Plaintiff alleges such fraud and deceit given that when he notified the Defendant of his willingness and his having executed the agreement to such effect as drafted provided him by the Defendant, the Defendant refused to talk with him and has to this day refused any attempt by Plaintiff to make contact.

3. Plaintiff alleges that the Defendant never had any intention of relinquishing the deed to the Subject Property, and actually all along only intended to hoodwink the Plaintiff of his title to the Subject Property. Plaintiff alleges that the Defendant has done so also despite the fact that Plaintiff has made the monthly mortgage payments on the Subject Property all along and thus at all relevant times.

4. Plaintiff is desirous of declaratory relief in the form of a declaratory judgment that his the parties' secured loan contract of time extension is voidable based upon the Defendants' fraud in the inducement. Alternatively, Plaintiff seeks for the Court to declare the parties' secured loan contract to be an unconscionable contract and thus void, since the Defendant does not, never has sought for Plaintiff to satisfy the loan or the ensuing secured loan contract. Plaintiff is alternatively desirous of breach of contract damages borne of the Defendant's refusal to honor his proposed accord, fully enforceable even as only oral and as accepted by Plaintiff. Plaintiff asserts that the Defendant never had any intention to agree to transfer the deed to the Subject Property back to Plaintiff and has instead engaged in fraudulent misrepresentation to 92-years-old Plaintiff that he would, which actions have also cause Plaintiff severe emotional distress and robbed Plaintiff of his opportunity to generate either

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

rental income or other income by way of restored ownership of the Subject Property.

5. An element of urgency is involved in these matters in view of the fact that the elderly Plaintiff is in a frail state of health. Consequentially, Plaintiff hereby requests that the action hereby be granted preference at this Court in terms of docketing and schedule henceforth.

## II.
## PARTIES

6. The Plaintiff, aged 92, is a current full-time resident at the aforementioned 5619 Sunrise Beach Rd. NW, Olympia, Washington 98502 premises at which address he has been a resident for over 40 (forty) years and is the uncle of the Defendant.

7. The Defendant, who is aged 63 based upon information and belief, is a current full-time resident of the State of Connecticut and has uninterruptedly been owner / possessor of title to the Subject Property since 2016.

## III.
## JURISDICTION

8. Plaintiff and the Defendant live in two different states, the amount of damages as well as value of the Subject Property to which title is in controversy hereby exceeds $75,000.00 (Seventy-Five Thousand Dollars) exclusive of interest and costs, the Subject Property is located in the State of Washington, County of Thurston and therefore this

4
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

federal court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332.

9. Additionally, RCW 4.12, which has also been deemed by the Washington courts to be jurisdictional in nature, provides in pertinent part that:

> "Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:
> (1) For the recovery of, for the possession of . . . real property.

10. As to the action's Third through Seventh Causes of Action herein, this federal Court possesses long arm personal jurisdiction over the Defendant David Katz pursuant to RCW 4.28.185 (1), Washington's long-arm statute, to the extent permitted by the Due Process Clause of the United States Constitution. MBM Fisheries, 60 Wn. App. at 423. Specifically, RCW 4.28.185 provides in pertinent part:

> (1) Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts in this section enumerated, thereby submits said person, and, if an individual, his or her personal representative, to the jurisdiction of the courts of this state as to any cause of action arising from the doing of any of said acts: (a) The transaction of any business within this state; . . . (c) The ownership, use or possession of any property whether real or personal situated in this state; . . . (3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him or her is based upon this section."

11. Each of those causes of action arise from and are connected with said nonresident Defendants's aforementioned actions. See Shute v. Carnival Cruise Lines, 113 Wn. 2d 763, 767, 783 P. 2d 78 (1989) (quoting Deutsch v. W. Coast Mach. Co., 80 Wn. 2d 707, 711, 497 P. 2d 1311 (1972)).

5
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

## IV.

## VENUE

12. Venue is proper in this federal court situated in the County of Thurston, State of Washington since the Subject Property is located at the County of Thurston in the City of Olympia. RCW 4.12.010, which has also been deemed to be jurisdictional in nature provides in pertinent part that:

> "Actions for the following causes shall be commenced in the county in which the subject of the action, or some part thereof, is situated:
> (2) For the recovery of, for the possession of . . . real property.

## V.

## RELEVANT FACTUAL BACKGROUND

13. The Defendant loaned Plaintiff $50,000.00 (Fifty Thousand Dollars).

14. In 2016, the Defendant, in exchange for extending repayment of the amount loaned sought for Plaintiff to pledge title to the Subject Property (as legally described below) thereby creating in effect an oral contract for a secured loan. A true and correct copy of the deed to the Subject Property in consummation of said secured loan transaction between the parties is attached hereto as Exhibit 1.

15. The legal description of the Subject Property, as situate in the County of Thurston, is:

Parcel A: Parcel 2 of Short Subdivision NO. SS-1740, as recorded on April 21, 1982 under Auditor's File No. 8204210002, records of Thurston County, Washington.

Parcel B: An easement for ingress, egress and utilities 33 feet in width as delineated

6
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

on Short Subdivision No. SS-1740, as recorded on April 21, 1982 under Auditor's File No. 8204210002, records of Thurston County, Washington.

Tax Parcel Number:   13936430400

16. In late 2021, Plaintiff sought for the Defendant to reconvey the deed to the Subject Property back to him parties would enter into a written contract whereby the Defendant would reconvey title to the Subject Property back to Plaintiff provided that Plaintiff put in writing a promise for his estate to and a directive that his estate would pay to the Defendant the loaned sum of $50,000.00 (Fifty Thousand Dollars) plus an additional $50,000.00 (Fifty Thousand Dollars).  When the Plaintiff, after multiple attempts to telephonically reach the Defendant in order to notify him that he had agreed to the terms offered, and he finally did to so and also then informed the Defendant that he had and had emailed his executed copy of the contract that the Defendant had drafted and furnished Plaintiff with, the Defendant stated he did not wish to and "[could] not talk with you, Matthew" to the Plaintiff.

17. Without rental income from the Subject Property, elder Plaintiff has been made economically devastated purposely by the Defendant, and Plaintiff has suffered severe emotional distress of the Defendant's unlawful actions which inter alia constituted elder abuse.

18. At all relevant times, and continually, Plaintiff has paid for all the mortgage payments and annual real estate taxes owing on the Subject Property.

7
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

# VI.
# CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Declaratory Judgment)

19. Plaintiff re-alleges and incorporates the allegations contained in all the preceding paragraphs as though fully set forth at this place.

20. Plaintiff respectfully requests that the Court declare the secured loan contract to be voidable based upon its having been fraudulently induced by the Defendant, and in the alternative seeks a declaratory judgment that the parties' secured loan contract is void as an unconscionable contract for imposing terms so onerous and unconscionable on Plaintiff or for lack of adequate consideration furnished by the Defendant.

### SECOND CAUSE OF ACTION
### (For Fraud and Deceit)

21. Plaintiff re-alleges and incorporates the allegations contained in all the preceding paragraphs as though fully set forth at this place.

22. But for the Defendant's fraud in the inducement of Plaintiff to enter into the secured loan contract, the Defendant would not have pledged the deed to the Subject Property as collateral for an extension of the parties' loan contract terms.

8
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

23. Additionally, the Defendant has dealt with Plaintiff and secured Plaintiff's transfer of the deed to the Subject Property to him only by means of his fraud and deceit upon Plaintiff and but for which Plaintiff would still possess title to the Subject Property.

24. Finally, but for Defendant's fraud and deceit that the deed would be conveyed back to Plaintiff in December 2021, Plaintiff would not be suffering continued loss of rental and other income to be derived from ownership of the Subject Property.

### THIRD CAUSE OF ACTION
### (To Quiet Title)

25. Plaintiff re-alleges and incorporates the allegations contained in all the preceding paragraphs as though fully set forth at this place.

26. The Defendant is not the rightful owner of the Subject Property since he acquired title thereto from Plaintiff by means of fraud and deceit, as he never had any intention of returning or otherwise transferring the deed to the Subject Property back to Plaintiff, as evidenced by the Defendant's unwillingness to execute the written contract he both drafted and presented to Plaintiff with contractual terms for reconveyance of title back to Plaintiff that Plaintiff was ready, willing and able to meet.

### FORTH CAUSE OF ACTION
### (Breach of Oral Contract)

27. Plaintiff re-alleges and incorporates the allegations contained in all the preceding paragraphs as though fully set forth at this place.

9
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

28. The Defendant has breached the terms of his oral agreement to transfer title to the Subject Property back to Plaintiff, and Plaintiff therefore seeks an Order of this Court granting him, as against the Defendant, as in the alternative to voiding the parties' secured loan contract, the total fees and costs of suit as well as lost rental income from the time that the Defendant has unfairly withheld title to the Subject Property as in breach of his oral agreement with Plaintiff to do so. Plaintiff therefore and any other relief the court deems to be proper and just.

**FIFTH CAUSE OF ACTION**
**(For Intentional Interference with Prospective Economic Advantage)**

29. Plaintiff re-alleges and incorporates the allegations contained in all the preceding paragraphs as though fully set forth at this place.

30. The Defendant has knowingly withheld title to the Subject Property, in full knowledge that Plaintiff is paying for all mortgage carrying costs and real estate taxes, and is refusing to reconvey title to the Subject Property despite knowing this and that Plaintiff could be generating rental income on the Subject Property. The Defendant is recklessly doing so purely for his own financial gain at the Plaintiff's expense.

**SIXTH CAUSE OF ACTION**
**(For Intentional Infliction of Emotional Distress)**

31. Plaintiff re-alleges and incorporates the allegations contained in all the preceding paragraphs as though fully set forth at this place.

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

32. The Defendant knowingly inflicted emotional distress upon Plaintiff by way of his conduct in relation to repayment of the original loan he made to Plaintiff, and has done so in order to retain title to the Subject Property for personal gain outrageously out of proportion to the loan amount, somehow in the hopes that Plaintiff will die and title be retained by the Defendant.

33. At all relevant times, the Defendant has been fully aware of Plaintiff's anguish, stress and anxiety and how his unlawful actions of fraud and deceit could prove deleterious to Plaintiff's mental health.

34. The Defendant actions are also retributive in nature, designed to punish Plaintiff for past disputes with the heirs under the Estate of Bernard Katz for Plaintiff's efforts to assist in following through on claims in New Jersey district court litigation which survived Bernard Katz but which Bernard Katz's children do not wish to resolve, and therefore have been in part purposely designed to inflict pain in such latter regard.

### SEVENTH CAUSE OF ACTION
### (For Elder Abuse)

35. Plaintiff re-alleges and incorporates the allegations contained in all the preceding paragraphs as though fully set forth at this place.

36. At all relevant times, the Defendant has been aware of Plaintiff's heart condition as advanced age and anxiety, and yet chose to defraud Plaintiff or otherwise misrepresent

11
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

material facts to Plaintiff in way that has compounded such mental and physical handicaps and frailties of elder Plaintiff and has also resulted in upending Plaintiff's financial stability vis a vis the Subject Property.

37. All the more outrageously, the Defendant has ruthlessly chosen to do so even though Plaintiff has at all relevant times has continually made payment for the mortgage and real estate taxes owing on the Subject Property. At all relevant times, the Defendant has known that the anxiety he exploits in the Plaintiff to secure financial gain for himself could cause the aneurysm in Plaintiff's chest to explode.

38. Accordingly, Plaintiff seeks for this Court to Order that the Defendant to pay Plaintiff damages as prayed for herein below.

## PRAYERS FOR RELIEF

Plaintiff prays that the Court will:

A. Order that the Defendant's title to the Subject Property will quieted and that the title therein be restored to the Plaintiff;

B. Order that the Defendant pay Plaintiff the amount of $500,000.00 (Five Hundred Thousand Dollars) or in an alternative amount that the Court shall deem to be just and proper, as damages for the infliction of emotional distress that he has caused Plaintiff;

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com

C. Order that the Defendant pay Plaintiff the amount of $1,000,000.00 (One Million Dollars) or in an alternative amount that the Court shall deem to be just and proper, as damages for the elder abuse he has visited upon the Plaintiff; and,

D. Order that the Defendant reimburse Plaintiff for fees and costs of suit;

Respectfully Submitted on this 19th day of January, 2022.

MATTHEW KATZ, PLAINTIFF *PRO SE*

By: _____

Matthew Katz, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW
Olympia, Washington 98502
(360) 666-6031
E-mail: malibutrade@gmail.com

## VERIFICATION

I, MATTHEW KATZ, am the Plaintiff pro se in above captioned United States District Court, for the Western District of the State of Washington case no. _____ in which the foregoing Verified Complaint is to be served on my behalf. I hereby verify under penalty of perjury under the laws of the State of Washington all factual allegations made on my behalf by my Verified Complaint as being true and correct to the best of my knowledge, on the basis of which I seek the relief requested thereby, not limited to legal remedy of quiet title as to action's Subject Property

DATED: January 19, 2022           _____
                                  MATTHEW KATZ

13
Complaint
Case No. _____

MATTHEW KATZ, Plaintiff *pro se*
5619 Sunrise Beach Rd. NW, Olympia WA 98502
Tel.: (310) 666-6031
E-mail: malibutrade@gmail.com