UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW KATZ,<br><br>      Plaintiff,<br><br> v.<br><br>DAVID KATZ,<br><br>      Defendant. | CASE NO. C22-5040JLR<br><br>ORDER GRANTING MOTION TO AMEND |

Before the court is pro se Plaintiff / Counter Defendant Matthew Katz's motion for leave to file a first amended complaint. (Mot. (Dkt. # 13); *see also* Prop. Am. Compl. (Dkt. # 13-1).) Defendant / Counter Claimant David Katz opposes the motion. (Resp. (Dkt. # 14).) The court has considered the motion, the response, the proposed amended

//
//
//
//

ORDER - 1

complaint, the relevant portions of the record, and the governing law. Being fully advised,[1] the court GRANTS Matthew's motion.[2]

Matthew moves to amend his complaint to add factual allegations based on discussions with two potential witnesses—David's sister and David's ex-girlfriend. (Mot. at 2-3.) He does not seek to add any new claims to his complaint. (*Compare* Compl. (Dkt. # 5), *with* Prop. Am. Compl.) David opposes the motion for four reasons. First, he argues that the court should deny the motion because Matthew failed to indicate on his proposed amended complaint how it differs from his original complaint as required by Local Rules W.D. Wash. LCR 15. (*See* Resp. at 2-3.) Second, he asserts that the court should deny leave to amend because the proposed amended complaint adds only new factual allegations, rather than new claims. (*See id.* at 3.) Third, he contends that Matthew filed this motion and a separate lawsuit to increase the costs and burdens of litigation. (*See id.* at 3-4; *see also* Complaint, *Katz v. Estate of Bernard Katz*, No. C22-5099DGE (W.D. Wash. Feb. 16, 2022), Dkt. # 6 ("*Estate of Katz* Compl.").) Finally, he argues that the court should revoke Matthew's *in forma pauperis* ("IFP") status because Matthew failed to disclose his home and the loans at issue in *Estate of Katz* on his IFP application. (*See* Resp. at 3-4 (citing Am. IFP Mot. (Dkt. # 3)).)

---

[1] No party requests oral argument on the motion (*see* Mot. at 1; Resp. at 1), and the court finds that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

[2] Matthew Katz and David Katz are uncle and nephew. (*See* JSR (Dkt. # 11) at 2-3.) Because they share a last name, the court refers to them by their first names in this order to avoid confusion. In doing so, the court means no disrespect.

Federal Rule of Civil Procedure 15(a) states that "[t]he court should freely give leave [to amend the complaint] when justice so requires." Fed. R. Civ. P. 15(a)(2). Courts consider five factors when assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the party has previously amended its pleading. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989)). Prejudice to the opposing party is the "touchstone of the inquiry under [R]ule 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* (emphasis in original).

At the outset, the court declines to deny the motion based on Matthew's failure to follow Local Civil Rule 15. The court was able to identify the changes in the proposed amended complaint by comparing it to the original complaint. The court, however, admonishes Matthew that, even as a pro se litigant, he must follow the Federal Rules of Civil Procedure and this court's local rules in all future filings. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (noting that although the court construes pro se litigants' pleadings liberally in their favor, they nevertheless "must follow the same rules of procedure that govern other litigants"), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012).

1    The court construes David's three remaining arguments as challenging Matthew's motion on the basis of the bad faith and prejudice factors of the Rule 15(a) analysis. First, the court disagrees with David's assertion that it is inappropriate for Matthew to amend his complaint solely for the purpose of adding new factual allegations rather than new claims. It is not unusual for litigants to amend their complaints to include more robust factual allegations as they learn more about their claims during discovery. The court finds that Matthew's motion to amend his complaint to add only factual allegations is neither in bad faith nor prejudicial to David, particularly at this early state of the litigation.

Second, the court concludes that David has not met his burden to show either bad faith or prejudice arising from this motion to amend and Matthew's separate lawsuit. This is the first substantive motion that Matthew has filed in this case. In addition, the court has reviewed the complaint in *Estate of Katz* and concludes that although David is a defendant in both cases, *Estate of Katz* involves a separate set of transactions that appear to be unrelated to the loan and property at issue in this case. (*See generally Estate of Katz* Compl.)

Third, the court declines to consider Matthew's failure to disclose the ownership of his home and the loans at issue in *Estate of Katz* on his IFP application as evidence that he filed this motion in bad faith. A plaintiff may commence an action without paying the filing fees if he submits an affidavit stating that he lacks sufficient funds and if the suit is not frivolous or malicious. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing 28 U.S.C. § 1915(a)). "An affidavit in support of an IFP application is

sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)). The IFP statute does not define what constitutes insufficient assets. *Id.* Indeed, "there is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Id.* at 1235. Here, Matthew's omission of his ownership interest in his home from his IFP affidavit does not affect the court's decision to allow him to proceed IFP because this court does not require a plaintiff to sell or mortgage his or her home to pay the filing fee if he or she otherwise demonstrates a "lack of sufficient funds" to "afford the necessities of life." *See id.* at 1234. And the court does not fault Matthew for failing to list in his affidavit the debts he alleges are owed to him in *Estate of Katz* because the court must base its IFP determination on the assets that are "actual[ly] available" to the plaintiff. *See id.* at 1236 (holding that the district court should have made "a reasonable inquiry into the actual availability" of the plaintiff's spouse's assets before denying plaintiff's IFP application).

Finally, with respect to the three factors in the Rule 15(a) analysis that David has not challenged, there is no undue delay because the deadline for amending pleadings is nearly three months away (*see* Sched. Order (Dkt. # 12) at 1); the court finds no futility in Matthew's proposal to add factual allegations to his complaint; and Matthew has not previously amended his complaint (*see generally* Dkt). Thus, these factors weigh in favor of granting the motion to amend.

In sum, the court concludes that David has not overcome the presumption in favor of granting leave to amend. *Eminence Capital*, 316 F.3d at 1052. Accordingly, the court

GRANTS Matthew's motion to file a first amended complaint (Dkt. # 13). The court ORDERS Matthew to file his first amended complaint within ten (10) days of the filing date of this order.

Dated this 3rd day of May, 2022.

*[signature]*

JAMES L. ROBART
United States District Judge