UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW KATZ,

                Plaintiff,

    v.

DAVID KATZ,

                Defendant.

CASE NO. C22-5040JLR

ORDER

Before the court is *pro se* Plaintiff Matthew Katz's motion pursuant to Federal

Rule of Civil Procedure 60 for relief from the court's order granting partial summary

judgment to Defendant David Katz.  (Mot. (Dkt. # 43); *see* 11/29/22 Order (Dkt. # 42).)

Because final judgment has not been entered in this case, the court construes Matthew's[1]

//

---

[1] For ease of reference, the court refers to the members of the Katz family by their first
names.  In doing so, the court means no disrespect.

1   motion as a motion for reconsideration of the court's November 29, 2022 order[2] pursuant

2   to Local Rule 7(h).  *See* Local Rules W.D. Wash. LCR 7(h); *Erickson v. Pardus*, 551

3   U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' . . . .").

4       Matthew asserts that the real estate excise tax affidavit ("REETA") that David

5   submitted as an exhibit to his declaration is false and does not bear his signature.  (Mot.

6   at 2-3 (citing D. Katz Decl. (Dkt. # 29) ¶ 22, Ex. E); *see also* 12/7/22 M. Katz Aff. (Dkt.

7   # 44) ¶ 5, Ex. 1 (attaching Exhibit E to David's declaration).)  He further argues that

8   David falsely included a California All Purpose Acknowledgement twice in the exhibit

9   attached to his declaration in order to "fraudulently induc[e] this [c]ourt into a false belief

10   that [Matthew] signed any such acknowledgement of a gift to David." (12/7/22 M. Katz

11   Aff. ¶¶ 5-7.)

12      Although David submitted the REETA with his declaration in support of his

13   motion for summary judgment on October 19, 2022, Matthew did not raise any concern

14   about the falsity of that document in his response to that motion.  (*See generally* Resp.

15   (Dkt. # 32).)  To the contrary, Matthew acknowledged that he signed the REETA.  (*Id.* at

16   4 ("The Defendant essentially contends merely that because Plaintiff on May 21, 2016

17   also signed a Real Estate Tax Affidavit declaring the transaction a gift and therefore

18   exempt from taxes in conjunction with his quit claim deed of the Subject

19   Property . . . there can be no defensible dispute over the validity of the Defendant's right

20   to retain legal ownership . . . ."); *see also id.* at 14-15.)  Furthermore, the court did not

21

22      [2] Although Matthew refers to the order as having been entered on November 23, 2022
    (*see* Mot. at 1), the order was in fact entered on November 29, 2022 (*see* 11/29/22 Order).

1  rely in its order on the copy of the REETA attached to David's declaration.  Rather, the

2  court cited the copy attached to the deposition of Matthew's former attorney, Alan J.

3  Wertjes.  (*See* 11/29/22 Order at 4 (citing Whalen Decl. (Dkt. # 30) ¶ 3, Ex. A ("Wertjes

4  Dep."), Ex. 3).)  That copy of the REETA, unlike the copy attached to David's

5  declaration, did not include a duplicate copy of the California All Purpose

6  Acknowledgement.  (*See* Wertjes Dep., Ex. 3.)  In addition, Mr. Wertjes testified in his

7  deposition that his office prepared and recorded the quit claim deed and REETA for the

8  property at issue in this case, that the copies he reviewed in his deposition were identical

9  to the documents in his electronic file, and that he had no conversations with David

10  during the preparation of those documents.  (Wertjes Dep. at 10:13-21, 11:7-10,

11  13:20-14:5, 17:8-19, 18:8-13, 19:5-25.)  Finally, the court notes that it relied primarily on

12  the unchallenged quit claim deed, rather than on the REETA, in deciding the relevant

13  portions of David's motion for summary judgment.  (*See, e.g.*, 11/29/22 Order at 13-14

14  (dismissing Matthew's claims that David fraudulently obtained the quit claim deed as

15  barred by the statute of limitations where the quit claim deed was prepared by Matthew's

16  attorney and recorded with Thurston County).)

17      "Motions for reconsideration are disfavored," and the court "will ordinarily deny

18  such motions in the absence of a showing of manifest error in the prior ruling or a

19  showing of new facts or legal authority which could not have been brought to its attention

20  earlier with reasonable diligence."  Local Rules W.D. Wash LCR 7(h)(1).  The court

21  concludes that Matthew has met neither standard.  Therefore, the court DENIES

22  Matthew's motion for reconsideration (Dkt. # 43).

Dated this 8th day of December, 2022.

JAMES L. ROBART
United States District Judge