UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW KATZ,<br><br>                Plaintiff,<br><br>   v.<br><br>DAVID KATZ,<br><br>                Defendant. | CASE NO. C22-5040JLR<br><br>ORDER |

## I.    INTRODUCTION

On November 29, 2022, the court entered an order granting in part and denying in part Defendant David Katz's motion for summary judgment on the claims asserted against him by *pro se* Plaintiff Matthew Katz. (11/29/22 Order (Dkt. # 42); *see* Mot. (Dkt. # 28); Resp. (Dkt. # 32); Reply (Dkt. # 40).) The court granted David's[1] motion for summary judgment on Matthew's claims for a declaratory judgment, fraud and deceit,

---

[1] For ease of reference, the court refers to the members of the Katz family by their first names. In doing so, the court means no disrespect.

ORDER - 1

1 | quiet title, and tortious interference with business expectancy and dismissed those claims
2 | with prejudice. (*See generally* 11/28/22 Order.) The court also ordered Matthew to show
3 | cause by no later than December 7, 2022, why the court should not grant summary
4 | judgment to David on Matthew's two remaining claims for elder abuse and intentional
5 | infliction of emotional distress claims. (*Id.* at 18-21, 23-26, 29.)
6 |       On December 7, 2022, Matthew filed a motion for relief from the November 29,
7 | 2022 order, which the court construed as a motion for reconsideration and denied on
8 | December 8, 2022, pursuant to Local Civil Rule 7(h). (Mot. for Relief (Dkt. # 43);
9 | 12/7/22 M. Katz Aff. (Dkt. # 44); 12/8/22 Order (Dkt. # 45) (citing Local Rules W.D.
10 | Wash. LCR 7(h)).) Matthew did not, however, file a response to the court's order to
11 | show cause. (*See generally* Dkt.) Having considered all materials submitted in support
12 | of and in opposition to David's motion (including Matthew's motion for relief and
13 | affidavit in support of the same), the relevant portions of the record, and the governing
14 | law, the court GRANTS summary judgment in favor of David on Matthew's elder abuse
15 | and intentional infliction of emotional distress claims and DISMISSES those claims with
16 | prejudice.
17 |                         II.     ANALYSIS
18 |       The court discussed the background of this case in detail in its November 29, 2022
19 | order, and therefore does not repeat that background here. (11/29/22 Order at 2-7.) As
20 | explained in more detail below, the court grants summary judgment in David's favor on
21 | Matthew's elder abuse and intentional infliction of emotional distress claims.
22 | //

**A.  Elder Abuse**

The court explained in its November 29, 2022 order that Washington's elder abuse statute, the Abuse of Vulnerable Adults Act ("AVAA")[2] provides a private right of action for a "vulnerable adult" only against a defendant that

> is or was a corporation, trust, unincorporated association, partnership, administrator, employee, agent, officer, partner, or director of a facility, or of a home health, hospice, or home care agency licensed or required to be licensed under chapter 70.127 RCW, as now or subsequently designated, or an individual provider.

(11/29/22 Order at 19-20 (quoting RCW 74.34.200(1)).)  Although the court found nothing in the record that would support a finding that David was among the class of defendants who can be sued under the AVAA, the court also observed that David did not move for summary judgment on that ground.  (*See id.* at 20; Mot. at 9-11.)  Because Federal Rule of Civil Procedure 56(f) authorizes a court to grant a motion for summary judgment on grounds not raised by a party after giving notice and a reasonable time to respond, the court ordered Matthew to show cause why the court should not grant summary judgment to David on Matthew's elder abuse claim.  (11/29/22 Order at 20-21 (citing Fed. R. Civ. P. 56(f)(2)).)  Matthew has not responded to the order to show cause. (*See generally* Dkt.)  Because Matthew has not provided any evidence that would support a finding that David is among the class of defendants who may be sued under the AVAA, the court GRANTS David's motion for summary judgment on Matthew's elder abuse claim.

---

[2] In his response to David's motion, Matthew did not dispute that the AVAA governs his elder abuse claim.  (*See generally* Resp.)

**B.     Intentional Infliction of Emotional Distress**

David did not move for summary judgment on Matthew's intentional infliction of emotional distress claim. (*See generally* Resp.)  After reviewing the evidence submitted by Matthew in his affidavits and verified amended complaint, however, the court determined that reasonable minds could not differ on whether the conduct described by Matthew was "sufficiently extreme to result in liability" for intentional infliction of emotional distress.  (11/29/22 Order at 23-26 (quoting *Dicomes v. State*, 782 P.2d 1002, 1012 (Wash. 1989)).)  Therefore, the court ordered Matthew to show cause pursuant to Rule 56(f) why the court should not grant summary judgment in David's favor on the intentional infliction of emotional distress claim.  (*Id.* at 26 (citing Fed. R. Civ. P. 56(f)(2)).)  Matthew again did not respond to the court's order to show cause.  (*See generally* Dkt.)

The court has authority to determine at summary judgment "if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Dicomes*, 782 P.2d at 1012.  Pursuant to that authority, the court concludes that reasonable minds could not differ that the conduct Matthew describes in his verified amended complaint and affidavits is not sufficiently outrageous or extreme as to "as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1110 (Wash. 2015) (quoting *Lyons v. U.S. Bank. Nat. Ass'n*, 336 P.3d 1142, 1151 (Wash. 2014)); (*see* Am. Compl. (Dkt. # 17) ¶¶ 33-36; *see generally* 1st M. Katz Aff. (Dkt. # 33); 2d M. Katz Aff. (Dkt. # 34); 11/17/22 M. Katz Aff. (Dkt. # 39); 12/7/22 M. Katz

Aff.)  To the contrary, the evidence in the record indicates that Matthew and David had only a limited number of contacts during the relevant time period and that the emails and conversations described are consistent with a disagreement about the status of the property at issue in this case, rather than with "extreme and outrageous conduct."  *See Trujillo*, 355 P.3d at 1110 (listing the elements of an intentional infliction of emotional distress claim).  Indeed, Washington cases allowing an intentional infliction of emotional distress claim to proceed involve acts that are far more extreme than those alleged here.  *See, e.g.*, *Grimsby v. Samson*, 530 P.2d 291, 295-96 (Wash. 1975) (allowing claim to proceed where plaintiff pleaded he had to "witness the terrifying agony and explicit pain and suffering of his wife while she [p]roceeded to die right in front of his eyes" as a result of doctor's failure to provide medical care); *Kloepfel v. Bokor*, 66 P.3d 630, 631-32 (Wash. 2003) (affirming jury verdict in favor of plaintiff where defendant stalked plaintiff for at least three years, was convicted multiple times for violations of no-contact orders, called plaintiff over 700 times at her home and place of work, and threatened to kill plaintiff and the man she was dating); *cf. Womack v. Von Rardon*, 135 P.3d 542, 543, 545 (Wash. Ct. App. 2006) (holding the record did not establish "the required intent or necessary severity" to sustain an intentional infliction of emotional distress claim where juveniles took plaintiff's cat from her front porch, doused it in gasoline, and set it on fire, killing it).  Accordingly, the court GRANTS summary judgment in David's favor on Matthew's intentional infliction of emotional distress claim.

//

//

ORDER - 5

### III. CONCLUSION

For the foregoing reasons, the court GRANTS summary judgment in David's favor on Matthew's two remaining claims for elder abuse and intentional infliction of emotional distress claims (*see* Mot. (Dkt. # 28); 11/29/22 Order) and DISMISSES those claims with prejudice.

Dated this 9th day of December, 2022.

JAMES L. ROBART
United States District Judge