UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW KATZ,<br><br>                Plaintiff,<br><br>    v.<br><br>DAVID KATZ,<br><br>                Defendant. | CASE NO. C22-5040JLR<br><br>ORDER DENYING MOTION FOR ATTORNEYS' FEES |

Before the court is Defendant David Katz's motion for attorneys' fees. (Mot. (Dkt. # 48).) Plaintiff Matthew Katz, who proceeds *pro se* and *in forma pauperis* in this action, has not responded to David's[1] motion. (*See generally* Dkt.) The court has considered David's motion, all materials submitted in support of the motion, the relevant

//

//

---

[1] For ease of reference, the court refers to the members of the Katz family by their first names in this order. In doing so, the court means no disrespect.

ORDER - 1

portions of the record, and the governing law.  Being fully advised,[2] the court DENIES David's motion for attorneys' fees.

On November 28, 2022, the court granted David's motion for summary judgment on most of Matthew's claims; ordered Matthew to show cause why the court should not grant summary judgment in David's favor with respect to Matthew's remaining claims for elder abuse and intentional infliction of emotional dismiss claims; and denied David's initial request for attorneys' fees pursuant to RCW 4.84.185.  (11/28/22 Order (Dkt. # 42)).)  RCW 4.84.185 provides, in relevant part:

> In any civil action, the court having jurisdiction may, upon written findings by the judge that the action, counterclaim, cross-claim, third party claim, or defense was frivolous and advanced without reasonable cause, require the nonprevailing party to pay the prevailing party the reasonable expenses, including fees of attorneys, incurred in opposing such action, counterclaim, cross-claim, third party claim, or defense.

RCW 4.84.185.  In its summary judgment order, the court noted that to award fees and costs under this statute, it must determine that the entire lawsuit is "frivolous and advanced without reasonable cause," rather than just one or more claims therein.  (11/28/22 Order at 27 (quoting *Kilduff v. San Juan Cnty.*, 453 P.3d 719, 728 (Wash. 2019)).)  A frivolous action under RCW 4.84.185 "is one that cannot be supported by any rational argument on the law or facts." (*Id.* (quoting *Hanna v. Margitan*, 373 P.3d 300, 308 (Wash. Ct. App. 2016)).)  The court denied David's request for attorneys' fees

---

[2] David does not request oral argument on his motion (*see* Mot. at 1), and the court concludes that oral argument would not be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

ORDER - 2

because it "[could ]not conclude that Matthew's lawsuit as a whole [was] frivolous and advanced without reasonable cause." (*Id.*)

Matthew did not respond to the court's order to show cause. (*See generally* Dkt.) He did, however, move for reconsideration of the court's November 28, 2022 order granting summary judgment on his fraud claims. (Recons. Mot. (Dkt. # 43).) The court denied Matthew's motion for reconsideration; granted summary judgment in David's favor on the two claims that remained at issue; and entered final judgment. (12/8/22 Order (Dkt. # 45); 12/9/22 Order (Dkt. # 46); Judgment (Dkt. # 47).)

David now moves a second time for an award of attorneys' fees.[3] He again asserts that he is entitled to an award of fees pursuant to RCW 4.84.185 and argues for the first time that he is entitled to an award of $200 in statutory fees pursuant to RCW 4.84.080. (*See generally* Mot.)

At the outset, the court can easily dispose of David's request for fees under RCW 4.84.185. Nothing in David's motion changes the court's view that Matthew's lawsuit as a whole is neither frivolous nor advanced without reasonable cause. (*See* 11/28/22 Order at 26-27; Mot. at 3-4.) That Matthew has named David as a defendant in a separate lawsuit regarding the estate of Bernard Katz—Matthew's brother and David's father—has no bearing on whether *this* case was frivolous. Matthew's decision not to respond to the court's November 28, 2022 order to show cause may very well have been a

---

[3] David's motion also includes a request for costs. (*See* Mot. at 3-4.) David subsequently filed a motion for a bill of costs. (*See* Cost. Mot. (Dkt. # 50).) The court will address David's request for costs when it rules on his motion for a bill of costs. *See* Local Rules W.D. Wash. LCR 54(d)(1).

ORDER - 3

reasonable strategic choice in light of the court's explanation of why his elder abuse and intentional infliction of emotional distress claims were susceptible to summary judgment. (*See* 11/28/22 Order at 19-20, 23-26.)  And Matthew has a right to file an appeal of the court's summary judgment orders.  David's renewed request for attorneys' fees pursuant to RCW 4.84.185 is, therefore, DENIED.

The court also denies David's request for statutory attorneys' fees pursuant to RCW 4.84.080.  That statute provides that "[w]hen allowed to either party, costs to be called the attorney fee, shall be as follows: . . . [i]n all actions where judgment is rendered, two hundred dollars."  RCW 4.84.080.  RCW 4.84.080 does not, however, apply to this action.  Jurisdiction in this court is based upon the diversity of the parties. (*See* Am. Compl. (Dkt. # 17) ¶¶ 6-8 (alleging diversity jurisdiction under 28 U.S.C. § 1332 because Matthew and David are domiciled in separate states).)  Federal courts sitting in diversity apply state substantive law and federal procedural law.  *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415, 427 (1996).  The taxation of costs under RCW 4.84.080 is procedural.  *See* RCW 4.84.090 (listing taxable costs under Washington law, including the "costs to be called the attorney fee" described in RCW 4.84.080).  Because taxation of costs is procedural, federal law governs the taxation of costs in this diversity jurisdiction case.  *See Bertelsen v. Harris*, No. CV-04-5135-LRS, 2007 WL 9717425, at *1 (E.D. Wash. Sept. 6, 2007) (so holding); *VTL-LA Tr. of Vuong Thi Lan-La Fam. Tr. Year 2005 v. Bloomfield*, No. C05-5779RJB, 2006 WL 8456086, at *3 (W.D. Wash. May 18, 2006) (same).  Federal law does not allow for the taxation of attorneys' fees as a cost item.  *See* 28 U.S.C. § 1920 (listing taxable costs under federal

1  law).  As a result, because David is not entitled to taxation of the statutory attorneys' fee
2  as a cost item, the court DENIES David's request for fees under RCW 4.84.080.
3        In sum, for the foregoing reasons, David's motion for attorneys' fees (Dkt. # 48) is
4  DENIED.
5        Dated this 17th day of January, 2023.

                                                JAMES L. ROBART
                                                United States District Judge